EDENTON,
A factor, agent or consignee ought to pursue the directions given by his principal with respect to the goods committed to his care — if instructed to sell for ready money, or to sell generally, which is for ready money, lie cannot sell upon credit, without running the risk himself — if he fails to pay customs in a foreign port, lie runs the risk of the forfeiture if any should ensue thereupon — if he attempts to transport goods prohibited to be exported, and his own government should seize the goods, the loss is his own, 2 Mb. 100. Vide 3 P. fVil. 185, 187", 279. Cow. 255,
It was argued, that though in general the law is as stated on the other side respecting factors or consignees, and their consignments, yet sometimes impotmtia eoemsat legem. Exceptions may be made to this general rule where the Defendant., the consignee, proves to the satisfaction of his jury, that it was impossible to comply with the terms of the commission given by his principal; if lie cannot sell .for ready money, when empowered to sell; and that is implied in the case in 2 Mo. 100, where one of the reasons rendered by the court for their judgment, is, for that, lie did not plead he could not sell for ready money, implying if this had appeared to the court, then judgment would have heendifferent. By parity of reason, if he could not exchange the consigned good- for goods of the country that were legally exportable, though in general he ought not to exchange for contraband goods; yet. in a case like the present, where such goods in the common course of trade were usually and generally pur-ch-.sed, and it was generally thought not to be unsafe to purchase them, there ought to be -411 exception from rhe general rule — and ot that opinion were the. court — and th'-.-s- was a verdict for the value of the'sugars saved, and judgment.